**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **CRIMINAL PRODUCTIONS, INC.**, | * |
| | * |
| Plaintiff | * |
| | * |
| v. | *   Case No. RWT-16-cv-3208 |
| | * |
| **DOE 1,** *ET AL.*, | * |
| | * |
| Defendants | * |

**MEMORANDUM AND ORDER RE: SEVERANCE**

Plaintiff, Criminal Productions, Inc. filed a Complaint against 12 unidentified Doe defendants on September 21, 2016. Criminal Productions, Inc. seeks monetary and injunctive relief for copyright infringement under 17 U.S.C. § 101 et seq. Because Criminal Productions, Inc. does not know the true names or capacities of each defendant, it has identified them only by the fictitious "Doe" name and an Internet Protocol address ("IP address"). For the reasons that follow, the Court finds the joinder of the putative defendants improper and sua sponte severs claims against all defendants except Doe 1, IP address 73.250.221.48.

Criminal Productions, Inc. contends that joinder of the defendants is proper under Federal Rule of Civil Procedure 20(a)(2) because the acts of infringement by the defendants were part of a series of transactions over the course of a short period of time on July 13, 2016, involving the same piece of Criminal Production, Inc.'s copyrighted work, the motion picture *CRIMINAL*. Criminal Productions, Inc. contends that the acts of infringement were performed by the defendants acting in concert with one another by using BitTorrent, a common peer-to-peer file

sharing protocol.[1]  Criminal Productions, Inc. alleges that it was able to identify the IP addresses of Does 1-12 participating in the same swarm[2] to receive and transmit a fully-playable digital copy of *CRIMINAL* associated with a specific hash value.

Rule[3] 20 describes permissive joinder, in pertinent part:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20 (a)(2).

If the Court determines that the two requirements are not met, Rule 21 gives the Court the power to sua sponte sever the defendants deemed to be improperly joined.  *See, e.g.*, *Patrick Collins, Inc. v. Does 1-23*, No. 8:12-CV-00087, 2012 WL 1144918, at *1 (D. Md. Apr. 4, 2012). As in *Patrick Collins*, and numerous other BitTorrent cases in this district and in others,[4] this Court finds that the allegations of this case, although the Plaintiff alleges that the activity was over the course of a short period of time, do not support the joinder of multiple unknown --

---

[1] BitTorrent is described in the Complaint, ¶¶ 9-28, as well and in a number of decisions in similar copyright lawsuits, *see, e.g.*, *Patrick Collins, Inc. v. John Does 1-28*, No. 12-13670, 2013 WL 359759, at *1-*3 (E.D. Mich. Jan. 29, 2013) (providing a particularly detailed explanation of BitTorrent).  In short, the protocol allows the anonymous sharing of a digital file to occur through a piecemeal process, with users receiving (and sending) portions of the file from (and to) other peer users and thereby eventually obtaining a full and complete copy of the file.

[2] A group of BitTorrent users sharing a file.

[3] All references to Rules herein are to the Federal Rules of Civil Procedure.

[4] Noting that there are also courts in this district and elsewhere who have held joinder proper in mass copyright infringement actions, at least in the early stages prior to identification of defendants. *See, e.g.*, *Third Degree Films, Inc. v. Does 1-108*, No. CIV.A. DKC 11-3007, 2012 WL 669055, at *5 (D. Md. Feb. 28, 2012); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp.2d 332, 345 (D.D.C. 2011).

otherwise – otherwise unrelated – defendants, some of whom are expected to be identified and added in the future. *See, e.g.*, *Raw Films, Inc. v. Does 1-32*, No. 1:11-CV-2939-TWT, 2011 WL 6840590, at *2 (N.D. Ga. Dec. 29, 2011) ("The swarm joinder theory has been considered by various district courts, the majority of which have rejected it.").

This Court agrees with the majority of district courts who have held that the properties of BitTorrent are insufficient to support joinder because Rule 20's transactional component has not been met, *i.e.*, the multiple Doe defendants, even though the IP addresses are alleged to participate in the same swarm, do not constitute "the same transaction, occurrence or series of transactions or occurrences." Rule 20. The conclusory allegation that the defendants acted in concert with one another is insufficient to establish that downloading and uploading a work as part of a swarm constitutes concerted action. *Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp.2d 1150, 1160 (N.D. Cal. 2011) ("As a threshold matter, the court rejected the plaintiff's argument that the single transaction or series of closely-related transactions requirement under Rule 20(a)(2) was satisfied merely because all defendants joined a common 'swarm' to upload or download the copyrighted film."). Rather than the individual defendants directly working together to obtain a particular file, it is the software, BitTorrent, that is smart enough to seek out multiple unrelated people who have the same file and download it in pieces from several sources at once. While these transactions may arguably satisfy a logical relationship test, this Court finds it insufficient to support joinder under Rule 20.

Further, each defendant will likely have different and divergent defenses to the copyright violation claims.

Even if the Court were to find joinder proper under Rule 20, the Court would still find it appropriate to exercise its discretion to sever all but one defendant to avoid potential prejudice

and unfairness as well as to promote judicial economy and trial convenience. *See Hard Drive Prods. Inc.*, 809 F. Supp.2d at 1164.

Accordingly, it is this 28th day of September, by the United States District Court for the District of Maryland,

**ORDERED**, that all Doe defendants are hereby **SEVERED** from this action, except for Doe 1, IP address 73.250.221.48; and it is further

**ORDERED**, that Plaintiff's claims against severed Doe defendants are hereby **DISMISSED** without prejudice.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
